OPINION
{¶ 1} Gregory Carpenter pleaded guilty, as charged, to five counts of fifth degree felony nonsupport of dependents. After receiving and considering a presentence investigation report, the trial court sentenced Carpenter to five consecutive seven-month sentences. On appeal, Carpenter advances three assignments of error:
 {¶ 2} "1. The trial court erred in imposing restitution in an excessive amount, without a hearing, and in an amount that did not result from the criminal acts to which appellant pled guilty."
 {¶ 3} Carpenter contends, and the State concedes, that the restitution ordered in this case — $92,856.29 — exceeds the permissible amount of restitution that could be ordered, in that restitution is limited to the support ordered, but not paid, during the approximately thirty-month period alleged in the indictment. State v. Hubbell (Jan. 30, 2004), Darke App. No. CA 1617; 2004 WL 190066. Accordingly, the first assignment is sustained, and the matter will be remanded for recalculation of restitution.
 {¶ 4} Citing Hubbell, Carpenter also contends that the trial court was required to afford him a hearing on the amount of restitution and his ability to pay. The State has not responded to this contention. Hubbell
involved the somewhat unique circumstance that Hubbell's former spouse worked for the Darke County Child Support Enforcement Agency and he requested a hearing by the trial court to assure an accurate and fair determination. We agreed with Hubbell, but are reluctant to extendHubbell to every case where restitution is to be determined. How to establish restitution, we believe, is best left to the discretion of the trial court. However, we do direct the trial court to R.C. 2929.19(B)(6) which provides that "(b)efore imposing a financial sanction under section2929.18. . . . the court shall consider the offender's present and future ability to pay the amount of the sanction. . . ."
 {¶ 5} "2. Appellant was denied his constitutional right to effective assistance of counsel."
 {¶ 6} Carpenter complains that his counsel was ineffective for not objecting to the excess amount of restitution ordered. This complaint is rendered moot by our disposition of the first assignment.
 {¶ 7} Carpenter also complains that his counsel was ineffective for not objecting to the trial court's failure to announce the sentence for count four on the record. The court announced a seven-month sentence on all but the fourth count and concluded by saying the sentences would be served consecutively for a total sentence of thirty-five months. There can be no doubt that Carpenter was sentenced to seven months on count four, as demonstrated by the court's concluding remarks in Carpenter's presence and its judgment entry, filed the same day as sentencing. No ineffectiveness of counsel has been shown.
 {¶ 8} The second assignment is overruled.
 {¶ 9} "3. The trial court erred in imposing a sentence not supported by the record and contrary to law."
 {¶ 10} None of the sentences imposed were maximum sentences. Hence, the trial court's statement that these offenses were the worst form of the offense was gratuitous and Carpenter's argument that such a finding may not be based on uncharged conduct may be disregarded in this appeal.
 {¶ 11} Carpenter next argues that consecutive sentences may not be based on uncharged conduct. He does not contend that the trial court erred in not imposing minimum sentences on the five counts of nonsupport and, indeed, the trial court made the requisite finding to support greater than minimum sentences.
 {¶ 12} Neither side has provided us with definitive case law on the question of whether uncharged conduct may be considered in determining whether to impose consecutive sentences.
 {¶ 13} Statutory law requires certain findings if consecutive sentences are to be imposed. R.C. 2929.14(E)(4) provides:
 {¶ 14} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 15} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 16} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 17} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 18} In our judgment, this statutory language clearly permits the trial court to look beyond the criminal conduct to which a defendant has currently pleaded guilty or of which he or she has been found guilty in determining whether to impose consecutive sentences. Indeed, in considering the risk of recidivism, it is not only appropriate but necessary that the trial court consider "(t)he offender's history of criminal conduct. . . ." Id., subsec. (c) (Emphasis ours).
 {¶ 19} As it relates to consecutive sentences, the trial court's in-court statement was as follows:
 {¶ 20} "The Court further finds that the harm caused by the Defendant was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the Defendant's conduct.
 {¶ 21} "The Court further finds that the Defendant has chosen to ignore the order of the Court to support five children for the past 10 years. The Defendant's actions have forced his children into poverty.
 {¶ 22} "The Defendant has a financial obligation as well as a moral one and chose to ignore both.
 {¶ 23} "In the past 23 years, the Defendant has been convicted of a number of traffic and misdemeanor offenses in both the State of Ohio and State of Louisiana. The Defendant's lack of respect for the Court system is evident and he is a high risk to reoffend."
 {¶ 24} It remains for us to determine whether the statutory findings required by R.C. 2929.14(E)(4) have been adequately made. The R.C.2929.14(E)(4)(b) finding is clearly evident in the court's remarks.
 {¶ 25} Having made an adequate (E)(4)(b) finding, we conclude that the trial court also found consecutive sentences were "necessary . . . to punish the offender," as required by (E)(4). However, there is no finding — also required by (E)(4) — "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." (Emphasis ours). While the record may support such a finding, the statute and case law are clear that the court must make this finding. See State v. Sullivan (Dec. 22, 1999), Ohio App. 9 Dist., 1999 WL 1260878.
 {¶ 26} R.C. 2929.19(B)(2)(c) requires the court to also state its reasons for imposing consecutive sentences. We believe the court has complied with this requirement.
 {¶ 27} The assignment of error is sustained.
 {¶ 28} The matter will be remanded for recalculation of restitution and resentencing.
Brogan, J. and Donovan, J., concur.