OPINION
{¶ 1} Timothy L. Kelly appeals from a judgment of the Champaign County Court of Common Pleas, which revoked his community control sanctions in two cases and imposed eleven and seventeen month sentences, to be served consecutively.
 {¶ 2} In March 2001, Kelly was convicted of obstructing justice and was sentenced to community control sanctions (Case No. 177). In June 2001, Kelly was indicted for aggravated vehicular assault, driving under the influence, and underage consumption of alcohol (Case No. 134). He pled guilty to and was convicted of vehicular assault, which was a violation of his community control sanctions in Case No. 177. He was returned to community control in Case No. 177 with the additional condition that he successfully complete a program at West Central Correctional Facility, but he was advised that further violations would result in imprisonment for eleven months. In Case No. 134, he was also sentenced to community control, subject to imprisonment for seventeen months for a violation, to be served consecutively with the sentence in Case No. 177. He was ordered to undergo counseling for substance abuse, alcohol abuse, and rage control.
 {¶ 3} In June 2003, Kelly was found to have violated his community control sanctions by breaking curfew, failing to contact his supervising officer, and testing positive for marijuana. He was continued on community control on the condition that he successfully complete the Nova House program in Montgomery County in addition to the previously imposed community control requirements. He was again warned that further violations would result in seventeen month and eleven month sentences in Case Nos. 134 and 177 respectively, to be served consecutively.
 {¶ 4} In January 2004, Kelly was again brought before the court for community control violations based on his failure to report and use of marijuana. Kelly's community control was revoked and the sentences were imposed as previously described, to be served consecutively.
 {¶ 5} Kelly raises three assignments of error on appeal from the revocation of his community control sanctions.
"The trial court erred in imposing a sentence that was excessive, unconstitutional, and contrary to law."
 {¶ 6} Kelly claims that the trial court did not have a sufficient basis for imposing consecutive sentences and that his sentence was inconsistent with that of his codefendant.
 {¶ 7} Statutory law requires certain findings and reasons if consecutive sentences are to be imposed.
 {¶ 8} R.C. 2929.14(E)(4) provides:
 {¶ 9} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 10} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, [or] was under a sanction imposed pursuant to section 2929.16 [Residential sanctions], 2929.17 [Non-residential sanctions], or 2929.18 [Financial sanctions; restitution] of the Revised Code, * * *.
 {¶ 11} "* * *
 {¶ 12} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 13} In considering the risk of recidivism, it is not only appropriate but necessary that the trial court consider the offender's history of criminal conduct. State v. Carpenter, Greene App. No. 2004 CA 56, 2005-Ohio-805, at ¶ 18. The trial court found that Kelly had a history of criminal convictions and had not "responded favorably to sanctions previously imposed in adult court." The court also noted that Kelly had shown no genuine remorse for his crimes. The trial court found that consecutive sentences were necessary to protect the public and to punish Kelly and were not disproportionate to the crime and to the danger Kelly posed to the public. The court found that Kelly was not amenable to community control sanctions because, although he had already completed "two residential community sanctions," he nevertheless violated the terms of his community control and "still cannot or will not comply with the conditions of supervision." The court further found that Kelly had committed the crime in Case No. 134 while on community control in Case No. 177 and that his criminal history weighed in favor of the imposition of consecutive sentences. The court noted that, at times, Kelly's whereabouts had been unknown and that he had failed to report to his probation officers as required. Finally, the court stated: "The Court finds that the reasons given for imposing prison are the reasons for imposing consecutive sentence. Consecutive sentence is to punish the Defendant in view of the considerable amount of time that's been expended and [sic] attempting to rehabilitate the defendant through residential alternatives."
 {¶ 14} The trial court made all of the findings required for the imposition of consecutive sentences as required by R.C. 2929.14(E)(4). The trial court also provided its reasons for imposing consecutive sentences, as required by R.C. 2929.19(B)(2)(c). Based on this record, we cannot agree with Kelly that the court's reasons for imposing consecutive sentences were "inadequate."
 {¶ 15} Kelly also argues that the sentence imposed in Case No. 177 on April 21, 2001, was improper on the ground that there was an illegal disparity between his sentence and that of his co-defendant. He also challenges the jail sentence, which was announced at that time but was later imposed upon violation of community control, claiming that there was no basis for the imposition of a sentence that was greater than the minimum allowed sentence.
 {¶ 16} The record suggests that Kelly's co-defendant, Brandon Feasel, was sentenced to community control without any residential sanctions in Case No. 177. The record does not reveal what prison sentence Feasel was given, if any, in the event that community control was violated. To the extent that we can compare the sentences on this record, it appears that the original sentences for the two men in Case No. 177 were the same or similar: community control sanctions. Kelly was only ordered to seek treatment and, ultimately, to serve jail time, upon violations of his original community control sanctions. We have no information about Feasel's compliance with community control sanctions or his criminal record. The trial court relied heavily on Kelly's record and his community control violations in sentencing him as it did, and Kelly has not demonstrated on this record that his sentence was disproportionate to Feasel's.
 {¶ 17} Kelly also claims that the trial court was not justified in imposing a sentence that was greater than the minimum sentence allowed for the offenses. R.C. 2929.14(B) provides, in pertinent part, that the court shall impose the shortest term authorized for the offense unless it finds that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. R.C. 2929.14(B)(2). The court made these findings on the record. With respect to protecting the public, the court also expressed serious concern about future crime due to the fact that Kelly had a criminal history, had not responded favorably to sanctions in the past, and had not shown remorse. These findings were sufficient to justify a sentence greater than the shortest authorized sentence.
 {¶ 18} The first assignment of error is overruled.
 {¶ 19} "Appellant was denied effective assistance of counsel."
 {¶ 20} Kelly claims that his attorney was ineffective in failing to object to the court's requirements that he maintain a conventional haircut, remain clean-shaven, and wear no pierced jewelry as conditions of community control.
 {¶ 21} Although we have held in the past that the trial court's imposition of community control sanctions related to haircut, facial hair, and jewelry is unlawful, see, e.g., State v. Alexander (Oct. 6, 2000), Champaign App. No. 2000-CA-6, Kelly has not properly raised this issue on appeal. The order imposing these conditions was issued on September 19, 2001, and was immediately appealable with respect to the terms of community control. Kelly's attempt to appeal from this judgment now — after community control has been revoked — is untimely. Moreover, Kelly's notice of appeal indicated only that he was appealing from the judgment issued on April 14, 2004.
 {¶ 22} The second assignment of error is overruled.
 {¶ 23} "The trial court was without jurisdiction to find and erred in finding appellant committed the community control Violations as charged."
 {¶ 24} Although Kelly was sentenced by the Champaign County Court of Common Pleas, much of his community control was supervised by the Montgomery County Probation Department because Kelly was ordered to enter Nova House in Montgomery County for treatment. Montgomery County later attempted to transfer Kelly's case back to Champaign County, but the transfer was not completed because Kelly's whereabouts were unknown. Kelly claims that the Champaign County Court of Common Pleas was without jurisdiction to find him in violation of community control because the case had not been transferred back to Champaign County.
 {¶ 25} The provisions of R.C. 2929.15 make clear that a sentencing court retains jurisdiction to deal with community control violations. See R.C. 2929.15(A)(2)(b), (B). Where the offender resides in another county, a court may request that the court in the county of residence supervise the offender's community control, R.C. 2929.15(A)(2)(a), but nothing in the statute indicates that making such a request divests the sentencing court of jurisdiction over the case. Therefore, the Champaign County Court of Common Pleas did retain jurisdiction over Kelly's community control.
 {¶ 26} Kelly also argues that he "genuinely believed he was responsible for reporting to [his Montgomery County probation officer] rather than the [Champaign County probation officer] and that he had made an attempt to resolve this situation with each of them." This argument seems to suggest that Kelly had been confused about where he was required to report and had reported to the wrong probation officer, rather than failing to report altogether. The testimony of the Champaign County probation officer refutes this assertion, as it appears therefrom that neither probation officer knew Kelly's whereabouts during the period when Montgomery County was attempting to transfer the case back to Champaign County. The credibility of the witnesses is within the purview of the trial court. It could have reasonably concluded that Kelly's claim to have been confused about the reporting requirements was not believable.
 {¶ 27} The third assignment of error is overruled.
 {¶ 28} The judgment of the trial court will be affirmed.
Brogan, P.J. and Fain, J., concur.