[Cite as *State v. Sherouse*, 2011-Ohio-3421.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

STATE OF OHIO : 
  : 
    Plaintiff-Appellee :     Appellate Case No. 24422
  : 
v. :     Trial Court Case No. 10-CR-101/01
  : 
JEFFREY L. SHEROUSE :     (Criminal Appeal from
  :      Common Pleas Court)
    Defendant-Appellant : 
  : 

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of July, 2011.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by TIMOTHY J. COLE, Atty. Reg. #0084117, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

JOSHUA S. CARTER, Atty. Reg. #0084925, 5405 Fairford Court, Dayton, Ohio 45414
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Jeffrey Sherouse appeals from an order revoking his community control sanctions and sentencing him to prison for a term of twelve months on his original plea of guilty to Theft. Sherouse contends that the trial court erred by permitting a

probation officer to testify to matters out of her own personal knowledge, when the probation officer who had personal knowledge was on vacation; by imposing a maximum sentence of twelve months and by previously, as part of his original sentence, having included a condition of community control sanctions requiring him to abstain from the use of alcohol.

{¶ 2}   We conclude that Sherouse cannot now complain about the requirement of abstinence from alcohol as a condition of his community control sanction, since he did not appeal from the original sentence imposing that condition.   We conclude that any error in the admission of testimony of a probation officer without personal knowledge is harmless, since the two violations of his community control sanctions that the trial court found were admitted by Sherouse, himself.   Finally, we conclude that the trial court did not abuse its discretion by imposing a maximum, one-year sentence for Theft.

{¶ 3}   The judgment of the trial court is Affirmed.

I

{¶ 4}   In March 2010, Sherouse was indicted on one count of Theft, in violation of R.C. 2913.02(A)(1).   A pre-sentence investigation report was filed indicating that Sherouse had a lengthy juvenile record and that the Theft offense would be his fourth felony offense. The report also shows that Sherouse was convicted of Operating a Motor Vehicle while Intoxicated (OVI) in 2002, 2008 and 2009.   He was also convicted of Public Intoxication in November and December 2005, and in 2008.   In 1986 Sherouse was convicted of Voluntary Manslaughter, and was sentenced to seven to twenty-five years in prison.   He was released on parole in 1992, and re-admitted in 1993, following a conviction for Aggravated Assault. Thereafter, he was released on parole in February 2010 and remained on active parole

supervision at the time of the Theft offense.

{¶ 5} Following his plea of guilty to the Theft offense, Sherouse was sentenced to Community Control Sanctions. A termination entry was filed on August 31, 2010. As part of the termination entry, the trial court included the following sanctions:

{¶ 6} "1. A term of intensive probation supervision for a period not to exceed five (5) years;

{¶ 7} "2. A requirement that the offender pay court costs as determined by the Montgomery County Clerk of Courts and a supervision fee of $50;

{¶ 8} "3. A requirement that the offender pay an attorney fee of $130;

{¶ 9} "4. A requirement that the offender receive a drug and alcohol assessment on September 1, 2010 and complete treatment as recommended by that agency, the Court, or the Division of Criminal Justice Services;

{¶ 10} "5. A requirement that the offender maintain verifiable employment;

{¶ 11} "6. A requirement that the offender complete 100 hours of community service work;

{¶ 12} "7. A requirement that the offender not be in any building, structure, room, vehicle or place when you know or should have known that illegal drugs or any firearms are present;

{¶ 13} "8. A requirement that the offender abstains from use of illegal drugs, drugs of abuse, and alcohol;

{¶ 14} "9. A recommendation that the offender be placed on 'NO BREAKS' status."

{¶ 15} The termination entry also stated that should Sherouse violate the conditions of

his community control, the trial court could "impose a longer time under the same sanction, impose a more restrictive sanction, or a prison term of twelve months to be served."

{¶ 16} On November 9, 2010, Sherouse was given notice that he had violated the terms of his community control sanctions, along with notice of a revocation hearing date. The revocation hearing was held on November 23, 2010. Sherouse was represented by counsel, who made an oral motion for a continuance in order to subpoena witnesses. Counsel also made the motion because Sherouse's probation officer was on vacation and was therefore not present to testify at the hearing.

{¶ 17} At the hearing, the State called Montgomery County Intensive Probation Officer, Linda Toops. Ms. Toops testified that she was familiar with Sherouse and that she had witnessed "several" of his visits to his probation officer, Todd Humfleet. She further testified that she had access to Sherouse's probation records.

{¶ 18} According to Toops, Sherouse was totally non-compliant with his community control sanctions. She testified that he had a criminal case pending before the Kettering Municipal Court. She testified that he failed to verify any employment and had failed to make his monthly payments of one hundred dollars. She further testified that Sherouse had failed to complete drug and alcohol treatment as well as community service hours. Finally, Toops testified that Sherouse had failed two Breathalyzer tests administered by the probation department. Toops testified that she had personally observed him under the influence and smelling of alcohol during one of his probation visits.

{¶ 19} Sherouse also testified during the hearing. He claimed that he was employed, but that Humfleet had told him that he could wait to verify the employment when he received

his tax forms. He testified that his employer owed him money, and that he was unable to meet his monthly required payments until he received those monies. He testified that he was in the process of completing the drug and alcohol treatment, and that he only had 92 hours of community service left to perform out of the 100 hours he was required to perform. Sherouse admitted that he had consumed alcohol while on probation.

{¶ 20} The trial court found that Sherouse had violated the terms of his community control by failing to abstain from consuming alcohol and by failing to complete his hours of community service. Sherouse was sentenced to twelve months in prison.

{¶ 21} Sherouse appeals.

II

{¶ 22} Sherouse's First Assignment of Error states as follows:

{¶ 23} "BECAUSE SHEROUSE DID NOT HAVE THE OPPORTUNITY TO CONFRONT AND CROSS-EXAMINE HIS PROBATION OFFICER, BECAUSE GOOD CAUSE WAS NOT SHOWN FOR HIS ABSENCE, AND BECAUSE HIS REVOCATION IS UNSUPPORTED BUT FOR THE ABSENT PROBATION OFFICER'S NOTES, USED BY THE PROSECUTION'S ONLY WITNESS, SHEROUSE'S FOURTEENTH AMENDMENT DUE PROCESS RIGHTS WERE VIOLATED."

{¶ 24} Sherouse contends that the trial court denied him his constitutional right to confront the witnesses against him by failing to continue the revocation hearing date until such time as his probation officer could be present for purposes of cross-examination, and by permitting the State's only witness to testify, over his objection, without personal knowledge of the matters to which she was testifying.

{¶ 25} The trial court's revocation decision was based solely upon the findings that Sherouse had failed to abstain from alcohol and that he did not complete his community service hours.

{¶ 26} Toops testified that she had personally observed Sherouse report to the probation department offices smelling of alcohol and having the appearance of intoxication. More importantly, Sherouse testified and admitted to alcohol usage during the term of probation. Furthermore, Sherouse testified that he had only completed eight of one hundred required community service hours during the three months he had been on probation. Thus, the trial court had first-hand testimony, from personal knowledge, from a probation officer, as well as the admissions of Sherouse, himself, upon which to base the revocation decision. Toops was subject to cross-examination by Sherouse's counsel. The trial court did not find any violations that were predicated solely upon Toops's review of records outside of her own personal knowledge. Therefore, if it was error to have admitted testimony of Toops outside of her own personal knowledge, that error was harmless, beyond reasonable doubt.

{¶ 27} "The right of the defendant to continue on probation rests within the sound discretion of the court." *State v. Scott* (1982), 6 Ohio App.3d 39, 41. Thus, we review the trial court's decision revoking probation for an abuse of discretion, which "implies an unreasonable, arbitrary, unconscionable attitude on the part of the trial court." *State v. Richardson,* Montgomery App. No. 21113, 2006-Ohio-4015, at ¶ 36. A decision is unreasonable, and therefore an abuse of discretion, if no sound reasoning process supports the decision. *State v. Picklesimer,* Greene App. No. 06-CA-118, 2007-Ohio-5758, at ¶ 28.

{¶ 28} The trial court had competent evidence before it that Sherouse had violated the

terms of his probation. We find no abuse of discretion in the decision to terminate probation. Sherouse's First Assignment of Error is overruled.

III

{¶ 29} Sherouse's Second Assignment of Error is:

{¶ 30} "REQUIRING SHEROUSE TO ABSTAIN FROM THE USE OF ALCOHOL AS A CONDITION OF PROBATION IS NOT RELATED TO THE GOALS OF JUSTICE, REHABILITATING A PROBATIONER, AND INSURING HIS GOOD BEHAVIOR AND, THEREFORE, THE TRIAL COURT ERRED IN IMPOSING IT AS A CONDITION OF PROBATION."

{¶ 31} Sherouse contends that the trial court erred by imposing that he abstain from alcohol as a condition of his community control sanction. He argues that the no-alcohol restriction has no reasonable relationship to his offense or his rehabilitation. The State cites Sherouse's recent history of alcohol-related convictions for the proposition that the no-alcohol restriction was reasonably related to his rehabilitation.

{¶ 32} We conclude that this argument is outside the proper scope of this appeal. Sherouse could have appealed from his original sentence to community control sanctions, which he now claims included the improper no-alcohol condition. *State v. Kelly,* Champaign App. No. 2004-CA-6, 2005-Ohio-3178, ¶ 21. He did not; therefore, he cannot now be heard to complain about the original sentence, from which he did not appeal.

{¶ 33} Sherouse's Second Assignment of Error is overruled.

III

{¶ 34} The Third Assignment of Error asserted by Sherouse provides:

{¶ 35} "THE TRIAL COURT ERRED IN SENTENCING SHEROUSE TO THE MAXIMUM SENTENCE OF TWELVE MONTHS AS THE TRIAL JUDGE DID NOT DEFINE FACTORS PROVING SHEROUSE SHOWS THE GREATEST LIKELIHOOD TO COMMIT FUTURE CRIMES."

{¶ 36} Pursuant to R.C. 2929.15(B), when an offender violates the terms of community control, the trial court may extend the term of the control, impose a stricter community control sanction, or impose a prison term that does not exceed the term stated in the termination entry. Sherouse contends that the trial court erred by imposing the maximum sentence without having made the findings required by R.C. 2929.14(C)(2). But that part of the sentencing statute was severed, on constitutional grounds, in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856. A trial court may impose a prison term within the appropriate statutory range without making findings for imposing the maximum sentence. Id., ¶ 100.

{¶ 37} The trial court stated on the record that it had considered the testimony, the pre-sentence investigation report, and the "purposes and principles of sentencing in the Ohio Revised Code and seriousness and recidivism factors contained therein." The trial court further found that Sherouse evidenced a "complete disrespect of community control as a concept." The trial court then sentenced Sherouse to twelve months in prison, the maximum sentence for the offense.

{¶ 38} The record demonstrates that the trial court expressly stated that it had considered the appropriate statutory factors. The sentence imposed is within the permissible range of sentencing possibilities. There is nothing in this record to suggest that the trial

court's sentencing decision was unreasonable, unconscionable or arbitrary. We find no abuse of discretion with regard to the sentence imposed.

{¶ 39} The Third Assignment of Error is overruled.

IV

{¶ 40} All of Sherouse's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

FROELICH and HALL, JJ., concur.


Copies mailed to:

Mathias H. Heck
Timothy J. Cole
Joshua S. Carter
Hon. Michael Tucker