[Cite as *State v. Combs*, 2013-Ohio-4816.]


# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

STATE OF OHIO

     Plaintiff-Appellee

v.

CRAIG COMBS

     Defendant-Appellant


Appellate Case No.    2013-CA-6

Trial Court Case No.   2011-CR-0410

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

# O P I N I O N

Rendered on the 1st day of November, 2013.

. . . . . . . . . . .

LISA M. FANNIN, Atty. Reg. No. 0082337, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, P.O. Box 1608, Springfield, Ohio 45501
     Attorney for Plaintiff-Appellee

CRAIG COMBS, Inmate No. 614-247, Lebanon Correctional Facility, P.O. Box 120, Lebanon, Ohio 45036
     Defendant-Appellant-*Pro Se*

. . . . . . . . . . . . .

WELBAUM, J.

**{¶ 1}** We are asked to decide whether the trial court erred when it failed to make any requisite findings pursuant to R.C. 2929.14 to support the maximum sentence subsequent *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. We conclude that such findings were not required in the circumstances of this case.

**{¶ 2}** For sentences imposed after the announcement of *State v. Foster* on February 27, 2006, trial courts are no longer required to make findings or give their reasons for imposing maximum sentences. We affirm the trial court.

### I. Facts and Course of Proceedings

**{¶ 3}** Appellant, Craig Combs, was indicted on June 20, 2011 for two counts of aggravated burglary, one count of burglary, and one count of rape. On September 23, 2011, he entered a guilty plea to one count of aggravated burglary, a felony of the first degree. On October 14, 2011, Combs was sentenced to the maximum, a ten-year prison term. The entry was filed on October 17, 2011. Combs, pro se, filed a notice of appeal on January 16, 2013. We granted Combs' motion for a delayed appeal on February 27, 2013. Combs proceeds pro se.

**{¶ 4}** On June 12, 2011, Combs and the victim had no ongoing personal relationship, nor did they reside in the same household. However, they shared parenthood of three children. Combs forced his way into the victim's residence by kicking the door down. Once inside, he began damaging the house. When he was informed that the police had been called, he left. Later, Combs returned. He entered the residence again without permission and hid upstairs. He waited for the victim to return. When the victim entered the room holding a two-year-old child, he

physically assaulted and   raped her in the presence of the child.

{¶ 5}   When sentencing Combs, the trial court stated that it did not consider the rape charge because the State dismissed that count. However, the trial court stated that it did consider Combs' prior domestic violence, assault, violation of protection order convictions, Combs' prior treatment for his alcohol problem, and the "extremely violent nature" of the circumstances of this case.

II. Did the Trial Court Err in Failing to Make any Requisite Findings To Support the Maximum Sentence?

{¶ 6}   Combs' sole assignment of error states as follows:

The Trial Court Erred When it Failed to Make the Requisite Findings to Support [sic] Maximum Sentence under R.C. 2929.14(E), [sic].

{¶ 7}   The same relevant statutory language in effect at the time *Foster* was decided was applicable on Combs' offense date. At that time, R.C. 2929.14(C) stated in pertinent part that:

"*[T]he court* imposing a sentence upon an offender for a felony *may impose the longest prison term* authorized for the offense pursuant to division (A) of this section *only* upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section." (Emphasis added.)   *Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at ¶ 62.

**{¶ 8}** In *Foster*, the Supreme Court of Ohio found the provision relied upon by Combs unconstitutional and stated, "Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Id.* at paragraph seven of the syllabus.

**{¶ 9}** This Court has previously applied *Foster*'s holding that trial courts were no longer required to follow the requirements of R.C. 2929.14(C). *State v. Sherouse*, 2d Dist. Montgomery No. 24422, 2011-Ohio-3421. We stated:

> Sherouse contends that the trial court erred by imposing the maximum sentence without having made the findings required by R.C. 2929.14(C)(2). But that part of the sentencing statute was severed, on constitutional grounds, in *State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856. A trial court may impose a prison term within the appropriate statutory range without making findings for imposing the maximum sentence. *Id.,* ¶ 100. *Sherouse* at ¶ 36.

**{¶ 10}** Combs was sentenced after September 30, 2011, the effective date of 2011 Am. Sub.H.B. No. 86. There was no requirement in that sentencing law that required trial courts to make findings to support maximum prison terms.

**{¶ 11}** Combs was entitled to be sentenced under the most favorable version of the two laws. R.C. 1.58(B); *State v. Gibson*, 2d Dist. Champaign No. 2012-CA-38, 2013-Ohio-2930, ¶17. Neither version required the trial court to make findings to support imposition of maximum sentences within the statutory range.

**{¶ 12}** Here, the trial court considered the pre-sentence investigation, Combs' statement,

the victim's statement, and the facts and circumstances of this case. In the absence of evidence to the contrary, we will presume the court followed the statutory factors.

{¶ 13}  As in *Sherouse,* we find that the sentence was within the permissible statutory range and there is nothing in the record to suggest that the trial court's sentencing was unreasonable, unconscionable, or arbitrary. Therefore, we find no abuse of discretion as to the sentence imposed.


### III. Conclusion

{¶ 14}  Combs' sole assignment of error having been overruled, the judgment of the trial court is affirmed.


. . . . . . . . . . . . .


DONOVAN and HALL, JJ.,  concur.


Copies mailed to:

Lisa M. Fannin
Craig Combs
Hon. Douglas M. Rastatter