[Cite as *State v. Hoffman*, 2014-Ohio-1205.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | Case No. 13CA13 |
| v. | : | |
| | | DECISION AND |
| THOMAS D. HOFFMAN, JR., | : | JUDGMENT ENTRY |
| Defendant-Appellant. | : | RELEASED 03/21/2014 |

APPEARANCES:

Jeremiah J. Spires, Lancaster, Ohio, for Defendant-Appellant.

Judy C. Wolford, Pickaway County Prosecuting Attorney, and Matthew S. Tootle, Assistant Pickaway County Prosecuting Attorney, Circleville, Ohio, for Plaintiff-Appellee.

Hoover, J.

{¶ 1} Defendant-appellant, Thomas D. Hoffman, Jr., appeals his sentence for domestic violence entered by the Pickaway County Common Pleas Court. In his single assignment of error, Hoffman contends that the trial court erred by imposing the maximum period of incarceration for his conviction. For the following reasons, we affirm the judgment of the trial court.

{¶ 2} Hoffman was indicted on one, fourth degree felony count of domestic violence in violation of R.C. 2919.25(A).[1] The indictment indicated that Hoffman had a previous conviction in Circleville Municipal Court for domestic violence in 2008. The instant charge stemmed from a December 2012 incident, where Hoffman allegedly assaulted his longtime, live-in girlfriend,

---

[1] A violation of R.C. 2919.25(A) is a fourth degree felony where the offender has previously pled guilty to or been convicted of domestic violence. R.C. 2919.25(D)(3).

Amy Conner, at their home in Circleville, Ohio. Hoffman pled not guilty to the charge and the case proceeded to jury trial. At the conclusion of the one-day jury trial, Hoffman was found guilty. The jury also made a special finding that Hoffman had a previous conviction for domestic violence. The trial court ordered a presentence investigation and report and set sentencing for a later date.

{¶ 3} At the sentencing hearing, the trial judge indicated that Hoffman refused to cooperate with the probation department, and thus, no presentence investigation report was completed. However, the judge indicated that he was able to procure Hoffman's criminal record from the Pickaway County Sheriff's Office.[2] The judge proceeded to sentence Hoffman to 18 months in prison. This appeal followed.

{¶ 4} Hoffman raises the following assignment of error:

THE RECORD DOES NOT SUPPORT THE TRIAL COURT'S CONCLUSION
THAT MR. HOFFMAN COMITTED THE WORST FORM OF THE OFFENSE
OF DOMESTIC VIOLENCE; THIS COURT SHOULD REVERSE THAT
COURT'S IMPOSITION OF THE MAXIMUM SENTENCE AS TO HIS
CONVICTION.

{¶ 5} In his sole assignment of error, Hoffman contends that the trial court improperly sentenced him to the maximum prison sentence permitted by law. Specifically, Hoffman contends that the record does not support such sentence. We disagree.

{¶ 6} This Court, in its principal opinion, recently declined to review a felony sentence under the two-step approach first declared in *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. *See State v. Bever*, 4th Dist. Washington No. 13CA21, 2014-Ohio-600, ¶¶ 8-13.[3] Rather, the principal opinion applied the standard set forth in R.C. 2953.08. Several

---

[2] Hoffman's criminal record was filed in the trial court and is part of the record on appeal.
[3] But see the concurring opinion of Harsha, J., in which Judge William H. Harsha suggests that the *Kalish* approach may still be appropriate in certain circumstances. See also Judge Matthew W. McFarland's vote in the case, in which he concurred in judgment only.

other Ohio appellate courts have abandoned the *Kalish* approach, and now review felony sentences in accordance with R.C. 2953.08. *See State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 9 (1st Dist.) ("Thus, henceforth, we will apply the statutory standard rather than the *Kalish* plurality framework to our review of felony sentences."); *State v. Worth,* 10th Dist. Franklin No. 10AP–1125, 2012–Ohio–666, ¶ 83 (the court applied the statutory test and noted that, as a plurality opinion, *Kalish* is of limited precedential value); *State v. Rodeffer*, 2nd Dist. Montgomery Nos. 25574, 25575, & 25576, 2013-Ohio-5759, ¶ 29 ("In order to be consistent with the approach of other Ohio appellate districts that have already considered this issue in light of H.B. No. 86, we will no longer apply the two-part test in *Kalish* when reviewing felony sentences controlled by H.B. 86. From now on we will use the standard of review set forth in R.C. 2953.08(G)(2)."); *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 7 ("Accordingly, we find that the standard of review set forth in R.C. 2953.08(G)(2) shall govern all felony sentences."); *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6 ("[F]rom this day forward, rather than continue to apply the two-step approach as provided by *Kalish,* we find 'the standard of review set forth in R.C. 2953.08(G)(2) shall govern all felony sentences.' "); *State v. Fletcher*, 3rd Dist. Auglaize No. 2-13-02, 2013-Ohio-3076, ¶ 14 (utilizing R.C. 2953.08 to review a trial court's imposed sentence); *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶¶ 10, 16 ("Given recent legislative action in Ohio, culminating in the passage of a new statute directly addressing appellate court felony sentence review and a growing body of recent appellate cases applying the new statutory parameters, we are no longer utilizing the former *Kalish* approach. *** Based upon all of the foregoing, we now likewise apply the statutory standard of review rather than the former *Kalish* approach to our review of felony sentences.").

{¶ 7}  R.C. 2953.08(G)(2) provides that:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.  The appellate court's standard for review is not whether the sentencing court abused its discretion.  The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 8}  Under R.C. 2953.08(G)(2), we may only modify or vacate a defendant's sentence if we find, clearly and convincingly, that (1) the record does not support the mandatory sentencing findings, or (2) that the sentence is "otherwise contrary to law."  We recognize that this is an "extremely deferential standard of review."  *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 21 (8th Dist.).  Although *Kalish* may not provide the standard of review framework for reviewing felony sentences, it does provide guidance for determining whether a sentence is clearly and convincingly contrary to law.  *See State v. Lee*, 12th Dist. Butler No. CA2012-09-182, 2013-Ohio-3404, ¶ 10.  According to *Kalish*, a sentence is not clearly and convincingly contrary to law when the trial court: considers the purposes and principles set forth

in 2929.11; considers the seriousness and recidivism factors listed in R.C. 2929.12; properly applies post release control; and sentences the defendant within the permissible statutory range. *Id.*; *see also Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at ¶ 18.

{¶ 9}  This appeal concerns the imposition of a maximum sentence; thus, our review is governed by R.C. 2953.08(A) & (G)(2)(b).  Here, we are not focused on any mandatory sentencing findings, referred to in R.C. 2953.08(G)(2)(a), since maximum sentences do not require specific findings.  *White*, *supra*, ¶ 7.  Therefore, we review appellant's maximum sentence to determine if it is clearly and convincingly contrary to law.

{¶ 10}  Here, the trial court convicted Hoffman of domestic violence under R.C. 2919.25(A), a fourth degree felony, and sentenced him to 18 months in prison.  Under R.C. 2929.14(A)(4), the range of statutory prison terms for a fourth degree felony is 6 to 18 months. Thus, while the trial court imposed the maximum sentence, the sentence was within the permissible statutory range.  Moreover, the trial court judge asserted at the sentencing hearing and in the sentencing entry that he considered the purposes of felony sentencing and the statutory seriousness and recidivism factors in determining the sentence.  R.C. 2929.11 and 2929.12. Finally, the trial court properly notified Hoffman at his sentencing hearing, and in its sentencing entry, that he might be subject to a period of post release control for up to three years following his release from prison.

{¶ 11}  At the sentencing hearing, the trial judge noted that: "Mr. Hoffman has no remorse for his conduct with respect to this offense, the court is of the opinion he's deserving of the maximum penalty." [Transcript at 168.]  The judge further noted:

> Also, since you wouldn't cooperate with the pre-sentence investigation, I had the
>
> Sheriff's Office pull your record just for the file, and you've been convicted of

this offense, which we knew that because that's one of the elements of this offense, and you've also been to prison before. * * * And there was also, as I recall, a civil protection order[4] in place at the time you committed this offense. * * * There wasn't any order preventing her from living with you, which obviously the evidence was you two were living together, but obviously there's also that you're not to commit any acts of violence against her. So, based upon that, coupled with your record, the court makes a finding that it's the worst form of this offense, and pursuant to 2929.11 and 2929.12 all factors considered, the court considered the eighteen months sentence, the maximum, to be appropriate in the case. That's just for the record. That's all.

[Transcript at 170-171.] Finally, the sentencing entry also notes that the trial court considered "the within offense[,] is the worst form of said offense." [Sentencing Entry at 1.]

{¶ 12} Hoffman specifically takes issue with the judge's assessment that the offense committed was "the worst form" of domestic violence. He argues that the state's evidence only proved minor injuries and that the evidence did not justify the court's finding.

{¶ 13} Although trial courts have full discretion to impose any term of imprisonment within the statutory range, they must consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12.

{¶ 14} H.B. 86 amended R.C. 2929.11, which now states:

(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines

---

[4] The trial record contains a copy of the civil protection order.

accomplish those purposes without imposing an unnecessary burden on state or local government resources.  To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

{¶ 15} "However, there is still no 'mandate' for the sentencing court to engage in any factual findings under R.C. 2929.11 or R.C. 2929.12." *State v. Jones,* 12th Dist. Butler No. CA2012–03–049, 2013–Ohio–150, ¶ 49, citing *State v. Rose,* 12th Dist. Butler No. CA2011–11–214, 2012–Ohio–5607, ¶ 78; *State v. Putnam,* 11th Dist. Lake No.2012–L–026, 2012–Ohio–4891, ¶ 9. "Rather, the trial court still has discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure." *Jones* at ¶ 49; *See* R.C. 2929.12 (which provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses).

{¶ 16} Here, the trial court based its decision to impose the maximum prison sentence because Hoffman had an extensive criminal history, had previously been to prison, had violated the terms of the civil protection order, and was not remorseful for his actions.  The trial court had a copy of Hoffman's criminal record, and Hoffman admitted that he had been to prison before. The trial court also had a copy of the civil protection order and was able to observe the demeanor of Hoffman during trial and sentencing.  Moreover, it appears that the trial court's "worst form" of the offense language is a remnant of former R.C. 2929.14(C).  Under former R.C. 2929.14(C), prior to imposing maximum sentences for felony convictions, trial court's were required to make certain findings, including, inter alia, that the offender committed the worst form of the offense. *See State v. Combs*, 2nd Dist. Clark No. 2013-CA-6, 2013-Ohio-4816, ¶ 7.  However, that part of

the statute was severed, on constitutional grounds, in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, and was not reenacted by the passage of H.B. 86. *Id*. at ¶¶ 8-11.

{¶ 17} In sum, the record reflects that the trial court considered the purposes and principles of felony sentencing under R.C. 2929.11, and balanced the seriousness and recidivism factors under R.C. 2929.12. And as mentioned above, the trial court's sentence was within the permissible statutory range for the offense committed. Furthermore, the trial court properly advised Hoffman regarding post release control. Therefore, the trial court complied with all applicable rules and statutes and, as a result, Hoffman's sentence is not clearly and convincingly contrary to law.

{¶ 18} Accordingly, Hoffman's sole assignment of error is overruled and the judgment of the Pickaway County Common Pleas Court is affirmed.

JUDGMENT AFFIRMED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.  If a stay is continued by this entry, it will terminate at the earliest of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. and McFarland, J.: Concur in Judgment Only.

For the Court

By:_____
        Marie Hoover, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.