[Cite as *State v. Allen*, 2025-Ohio-1567.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2024-CA-48 |
| | : | |
| v. | : | Trial Court Case Nos. 22-CR-0508; 22-CR-0680; 22-CR-0547(A) |
| | : | |
| RYAN ALLEN | : | |
| | : | (Criminal Appeal from Common Pleas Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on May 2, 2025

. . . . . . . . . . .

JACOB S. SEIDL, Attorney for Appellant

ROBERT C. LOGSDON, Attorney for Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Ryan Allen appeals from a Clark County Common Pleas Court judgment involving three consolidated cases, which found him in violation of his community control sanctions, ordered him to serve 432 days of incarceration, and continued him on community control. We conclude that several of his arguments are

moot because Allen was given credit for the 432 days imposed, which was the only new sanction the trial court imposed for the violations it found. Under these circumstances, there is no meaningful relief that we can provide. Furthermore, Allen's challenges to the constitutionality of his narrowed community control sanctions are precluded by res judicata. The judgment of the trial court will be affirmed.

## I. Facts and Procedural History

{¶ 2} In June and August 2022, Allen was indicted in Clark C.P. Nos. 22-CR-508 and 22-CR-680, respectively, with one count each of violating a protection order, felonies of the fifth degree. The indictments arose from two emails Allen sent to employees of the Clark County Sheriff's Office regarding his ex-wife, who was an employee of the office, in violation of a protection order his ex-wife had obtained against him. These cases were consolidated at Allen's request due to the alleged violations involving the same protection order and the same protected party.

{¶ 3} On July 5, 2022, Allen was also indicted on one count of violating a protection order, a felony of the fifth degree, in Clark C.P. No. 22-CR-547(A). This case involved an unrelated protection order and a different protected party.

{¶ 4} Following a jury trial in Case Nos. 22-CR-508 and 22-CR-680, Allen was convicted on both counts as charged. On February 9, 2023, the trial court sentenced Allen on each count to community control sanctions for a term of five years. Certain special conditions of community control were also imposed by the trial court, which included requirements that Allen: engage in no contact, directly or indirectly, with his ex-wife; abstain from posting on social media; abstain from communicating with any media;

and abstain from saying anything derogatory about his ex-wife or the Clark County Sheriff's Office. Allen was further ordered to serve six days in jail with credit for time served, and the trial court reserved 12 months in prison in each case to be served consecutively if Allen were to violate his community control sanctions. Allen timely appealed.

{¶ 5} While his appeal was pending, Allen entered a no contest plea and was found guilty as charged in Case No. 22-CR-547(A). On April 3, 2023, the trial court sentenced Allen to community control sanctions for a period of five years and imposed additional special conditions, which included an order that Allen "[c]omply with all community control conditions" set forth in Case Nos. 22-CR-680 and 22-CR-508, as "incorporated by reference herein." Allen was further ordered to serve 60 days in jail, and the trial court reserved 12 months in prison if Allen were to violate his community control sanctions. Allen did not appeal from the judgment entry of conviction in that case.

{¶ 6} While Allen's appeal from Case Nos. 22-CR-508 and 22-CR-680 was pending, Allen's probation officer filed an affidavit alleging a community control violation against Allen. According to the probation officer's affidavit, Allen violated his community control sanctions when he was heard during a jail telephone conversation encouraging a family member to contact the media or utilize social media by saying, "If anybody wants to start telling the story, they can. However, they want to tell it. If you catch my drift. I think a little public outcry might be a thing."

{¶ 7} An amended affidavit was later filed alleging two additional community control violations. The second violation alleged that during a scheduled visitation

appointment, Allen had shown a video to his daughter of his ex-wife disciplining her. The final violation alleged that Allen had filed an FBI report alleging that his ex-wife was harassing him by having Beth Hollingsworth, a deputy for the Clark County Dog Warden, surveille Allen to obtain information for his ex-wife. All three violations were alleged in each of Allen's three cases, constituting three separate violations per case.

{¶ 8} On August 10, 2023, following a revocation hearing, the trial court issued a decision finding Allen in violation of his community control sanctions. In its decision, the trial court applied at least some of the special conditions it had imposed with respect to Allen's community control. (As discussed below, we later found some of these conditions to be overbroad in *State v. Allen*, 2023-Ohio-3655 (2d Dist.) ("*Allen I*").) For the first violation, the court found that Allen had violated the special condition that he abstain from using social, conventional, or any other media or, in this case, soliciting another (his sister) to do so on his behalf. For the second violation, the court found that the video that Allen had allegedly shown his daughter was not presented at the hearing, and therefore there was insufficient evidence to warrant a finding that he had violated his community control on that basis. For the third violation, the court found that Allen had violated the special condition that he leave his ex-wife alone, abstain from saying anything derogatory about his ex-wife, and cease and desist from any further harassment of his ex-wife when he filed a report with the FBI after witnessing Hollingsworth, while in uniform in her county vehicle, photograph his car outside his residence. Based on the trial court's decision, Allen's community control sanctions were revoked, and he was sentenced to prison for a period of 12 months in each case to be served consecutively, for a total stated prison

term of 36 months.   Allen timely appealed.

{¶ 9} On October 6, 2023, we issued our decision in *Allen I*.   We agreed with some of Allen's arguments and concluded that some of the special conditions of community control imposed by the trial court were unreasonably overbroad.   We first concluded that the no contact order with his ex-wife, which provided no exceptions, unreasonably interfered with Allen's right to see his daughter.   The condition, as imposed, prohibited Allen from using an app approved by the domestic relations court to communicate with his ex-wife to facilitate parenting time.   *Id*. at ¶ 46.

{¶ 10} We also concluded that the prohibition on Allen posting anything on social media was overbroad.   We suggested that the trial court impose an alternative restriction prohibiting Allen from posting anything on social media related to his ex-wife or the sheriff's office's employment relationship with her.   *Id*. at ¶ 48.   We likewise concluded that the prohibition on Allen communicating with the media was overbroad and suggested a similar alternative restriction; again, a limitation on communicating with the media for anything related to his ex-wife or the sheriff's office's employment relationship with her.   *Id*. at ¶ 49.

{¶ 11} Finally, we concluded that the community control sanction prohibiting Allen from saying anything derogatory about his ex-wife or the sheriff's office was unreasonably overbroad.   *Id*. at ¶ 50.   We stated that, "In our view, the ends of community control readily may be served by an additional restriction prohibiting Allen from *publicly* saying anything derogatory about his ex-wife or her employer."   (Emphasis in original.)   *Id*.

{¶ 12} We remanded the cases to the trial court solely for resentencing "to re-

impose the challenged special conditions of community control consistent with the guidance provided herein." *Id.* at ¶ 60. We affirmed the trial court's judgment in all other respects. *Id.*

{¶ 13} While Allen's second appeal was pending, the trial court received our mandate in *Allen I.* On February 20, 2024, the trial court narrowed three of Allen's community control sanctions in accordance with this court's order in *Allen I* to state the following:

5. Abstain from posting anything on social media related to the victim or the

Clark County Sheriff's Office's employment relationship with her;

6. Abstain from communicating with any media related to the victim or the

Clark County Sheriff's Office's employment relationship with her;

7. Abstain from publicly saying anything derogatory about the victim or Clark

County Sheriff's Office.

Judgment Entry of Conviction (Feb. 20, 2024), p. 1. Allen did not file an appeal from that judgment.

{¶ 14} On July 3, 2024, we decided Allen's second appeal. *State v. Allen*, 2024-Ohio-2549 (2d Dist.) ("*Allen II*"). We concluded that, "given our prior finding that certain special conditions of community control imposed by the trial court were unreasonably overbroad *after* the trial court applied those sanctions to the revocation of Allen's community control sanctions, we must reverse the trial court's judgments and remand for the trial court to apply the narrowed sanctions to Allen's alleged community control violations." (Emphasis in original.) *Id.* at ¶ 3. Accordingly, we reversed the trial court's

judgments and remanded the cases for the trial court to consider "any alleged community control violations by Allen in light of the narrowed community control conditions set forth in *Allen I*." *Id*. at ¶ 19.

{¶ 15} On July 24, 2024, pursuant to this court's *Allen II* decision, the trial court reconsidered the evidence presented at the original revocation hearing and found that Allen had violated the trial court's more narrowly tailored special conditions. On August 9, 2024, the trial court ordered that Allen's community control sanctions were continued with all original conditions, subject to the narrowing of the specified conditions, plus the additional condition that he serve 432 days in jail or the Ohio Department of Rehabilitation and Correction. Allen was granted credit for 432 days already served and was released from custody.

{¶ 16} Allen timely appeals from the trial court's August 9, 2024 judgment and raises five assignments of error.

## II. Mootness

{¶ 17} As a threshold issue, we must address whether the issues raised in this appeal are moot. "[W]hen parties 'lack a legally cognizable interest in the outcome,' a case becomes moot." *Cyran v. Cyran*, 2018-Ohio-24, ¶ 9, quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969). "The concept of mootness on appeal is that there is no meaningful remedy that the appellate court can provide in the event of a reversal." *State v. Portis*, 2011-Ohio-2429, ¶ 18 (2d Dist.). "An appeal from the revocation of community control is moot where the defendant has served the jail or prison sentence imposed, and there is no indication that the defendant is on post-release control or is subject to collateral

liability." *State v. Moughler*, 2018-Ohio-1055, ¶ 7 (2d Dist.). "A collateral disability is an adverse legal consequence of a conviction or judgment that survives despite the court's sentence having been satisfied or served." *In re S.J.K.*, 2007-Ohio-2621, ¶ 10.

**{¶ 18}** After finding that Allen had committed two of the three alleged violations of his community control sanctions, the trial court continued him on community control as previously imposed. The trial court also imposed "the additional condition that he serve four-hundred and thirty-two (432) days in jail/ODRC." However, the trial court further found that Allen had already served the 432 days ordered, giving him credit for time served. No other new sanctions were imposed.

**{¶ 19}** Allen challenges the trial court's finding that he had violated his community control sanctions and asks this court to vacate the finding of a violation. Appellant's Brief at 14. "But this court's function under App.R. 12(A) is to affirm, reverse, or modify judgments, not findings." *State v. Vaughan*, 2023-Ohio-2330, ¶ 9 (2d Dist.). After finding that Allen had violated the terms of his community control sanctions, the trial court's judgment imposed no additional sanctions for which we could provide Allen a remedy even if we agreed that the trial court erred in finding that he had violated his community control sanctions. Rather, Allen would remain on the pre-existing community control sanctions, which the trial court did not revoke. The only adverse legal consequence imposed as a result of the violations was a term of incarceration, which Allen had already served. No other adverse legal consequences were imposed for which this court could provide relief. "We have no duty to decide an assignment of error that is moot in the sense that the court cannot provide the appellant with any meaningful relief."

*State v. Carr*, 2015-Ohio-2529, ¶ 9 (1st Dist.), citing *Miner v. Witt*, 82 Ohio St. 237 (1910).

{¶ 20} Allen is not appealing from an original conviction and has not claimed any collateral disability as a result of the trial court's judgment. Rather, Allen argues that a reversal of the trial court's judgment, i.e., a determination that there was insufficient evidence to find a violation, would set precedent to prevent Allen from being found in violation of the special conditions in the future. We are not persuaded that providing what would amount to an advisory opinion constitutes meaningful relief. The violations related to this appeal were fact-specific. Any future violation would be based on alleged new conduct, not the same underlying conduct as occurred in this case, which would have to be substantiated at a new revocation hearing.

{¶ 21} In his first assignment of error, Allen contends that the State failed to present sufficient evidence to support the trial court's finding that Allen had violated his narrowed community control sanctions. Allen's fourth assignment of error alleges a procedural due process violation in the trial court's failure to hold another revocation hearing upon our remand in *Allen II*. His fifth assignment of error argues ineffective assistance of counsel for failing to file certain motions. All of these assignments of error are overruled as moot due to our finding that no meaningful relief from the alleged errors is available to Allen. App.R. 12(A)(1)(c).

### III. Constitutionality of Community Control Sanctions

{¶ 22} Allen's second and third assignments of error state as follows:

The Narrowed Conditions Continue to be Overbroad Under the Third

Prong of *Jones*.

The Narrowed Community Control Conditions, As Applied, Violate

the First Amendment, and Article I, Section 11 of the Ohio Constitution.

**{¶ 23}** In his second assignment of error, Allen argues that the trial court's narrowed community control sanctions remain overbroad under *State v. Jones*, 49 Ohio St.3d 51 (1990), which provided a standard to determine whether a trial court had abused its discretion in imposing community control sanctions.   In his third assignment of error, Allen claims that the narrowed community control sanctions imposed on him violated the First Amendment and Article I, Section 11 of the Ohio Constitution.

**{¶ 24}** The State responds that Allen did not appeal the judgment entry imposing the narrowed community control sanctions and therefore is now precluded from challenging the sanctions imposed on grounds of res judicata.

**{¶ 25}** In response, Allen contends that res judicata does not preclude his challenge because he raises an as-applied constitutional challenge to his community control sanctions.   Allen argues that he could not have raised a constitutional as-applied challenge until the facts at issue were found to be a violation of his community control sanctions.   We do not agree.

**{¶ 26}** Because Allen failed to challenge the constitutionality of his community control sanctions in a direct appeal from the imposition of those sanctions, he is precluded from raising them now.   Following this court's remand in *Allen I*, the trial court imposed narrowed community control sanctions on February 20, 2024.   Allen did not appeal from the trial court's February 20, 2024 judgment, which was immediately appealable with respect to the terms and conditions of his community control sanctions.   *See State v.*

*Kelly*, 2005-Ohio-3178, ¶ 21 (2d Dist.). "Res judicata bars [a defendant] from raising an issue on appeal from the revocation of his community control sanctions which could have and should have been raised on direct appeal from the judgment of conviction in which community control was first imposed." *State v. Cooper*, 2019-Ohio-3919, ¶ 22 (2d Dist.), citing *State v. Turner*, 2017-Ohio-4101, ¶ 8 (2d Dist.). Unlike Allen's current procedural posture, the cases upon which he relies were direct appeals from the trial court's imposition of certain conditions. *Jones*, 49 Ohio St.3d 51 (challenging imposition of condition of probation on direct appeal of sentence); *Bey v. Rasawehr*, 2020-Ohio-3301 (challenging on direct appeal the constitutionality of a condition imposed in a civil-stalking protection order). Because Allen could have challenged the constitutionality of his narrowed community control sanctions on direct appeal from the trial court's February 20, 2024 imposition of his narrowed sanctions, but chose not to do so, res judicata bars him from raising such issues on appeal from the judgment finding him in violation of his narrowed community control sanctions. *See State v. Eastman*, 2021-Ohio-392, ¶ 9 (2d Dist.).

{¶ 27} The relief Allen seeks in this third appeal is for this court to conclude that the narrowed community control sanctions are unconstitutionally vague and overbroad, i.e., a violation of *Jones*, or operate as a restraint of Allen's right to free speech under the First Amendment. But Allen should have raised these arguments in a direct appeal from the February 20, 2024 judgment that had narrowed the conditions of his community control sanctions.

{¶ 28} Allen's second and third assignments of error are overruled.

## IV.    Conclusion

**{¶ 29}** Having overruled all of the assignments of error, we will affirm the judgment of the trial court.

. . . . . . . . . . . . .


TUCKER, J. and HUFFMAN, J., concur.